UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY DAR EAGLE, #525192,

        Plaintiff,

v.                                      CASE NO. 14-CV-11341
                                      HONORABLE JOHN CORBETT O'MEARA

WILLIAM MURPHY, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

    The Court has before it Plaintiff Johnny Dar Eagle's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. He has been granted leave to proceed without prepayment of the filing fee for this civil rights action. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff challenges the handling and dismissal of his state criminal appeal and state habeas action, claiming violations of his rights to due process and access to the courts. He names several state court judges and judicial employees as the defendants in this action. He sues the defendants in their personal capacities and seeks injunctive relief and monetary damages. For the reasons stated herein, the Court summarily dismisses the complaint and concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

    Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### A. Subject Matter Jurisdiction

As an initial matter, the Court finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). Thus, "[i]n determining the applicability of the *Rooker-Feldman* doctrine, federal courts cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal suit was filed; it does not abrogate concurrent

3

jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised *sua sponte*. *Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004). When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Applying the foregoing principles to the present complaint, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Plaintiff challenges the application of state court rules to his cases. The plaintiff complains that the state court orders are procedurally and constitutionally unsound and essentially asks the Court to vacate one or both of them. That is exactly the sort of appellate review of state court judgments that federal courts are barred from engaging in under *Rooker-Feldman*. The injury complained of is the dismissal of his state criminal appeal and/or his state habeas case, and that injury is directly and solely traceable to the state court rulings and judgments. In other words, Plaintiff has "repaired to federal court to undo the [Michigan] judgment," *Exxon Mobil*, 544 U.S. at 293, and each of his claims "rests on the premise that the state court entry of [judgment] was invalid." *Thompkins-El v. Wells Fargo Bank Minn.*, No. 05-CV-74715, 2006 WL 2433438, at *3 (E.D. Mich. Aug. 22, 2006) (Battani, J.); *see also Yee v. Michigan Sup. Ct.*, No. 06-CV-15142, 2007 WL 200952, at *5 (E.D. Mich. Jan. 23, 2007) (Rosen, J.). Such claims are precluded by the *Rooker-Feldman* doctrine.

Moreover, Plaintiff's federal claims are barred even if they were not specifically presented in the state court. A federal claim that calls into question the validity of the state court judgment is inextricably intertwined with the judgment even if the federal claim was not presented in the state court

4

proceeding; all that is required is that the federal plaintiff had the opportunity to present the issues involved to the state court. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992) (quoted with approval in *Wilde v. Ohio Veterinary Med. Licensing Bd.*, 31 F. App'x 164, 166 (6th Cir. Feb. 21, 2002)). Plaintiff had the opportunity to present his claims in the state trial court and/or the Michigan Court of Appeals. He could then appeal the state court decisions to the Michigan Supreme Court, and ultimately the United States Supreme Court, as necessary. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over his claims.

**B.     Heck Bar**

Additionally, to the extent that Plaintiff challenges his state criminal proceedings and continued confinement, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement

5

or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on claims concerning the validity of his criminal proceedings, his continued confinement could be called into question. Such claims are barred by *Heck* and must be dismissed.

### C. Absolute Immunity

The Court also finds that the state court judges and judicial employees are entitled to absolute judicial immunity and quasi-judicial immunity in this case. Judges and judicial employees are entitled to absolute judicial immunity on claims for monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's challenges to the state court proceedings involve the performance of judicial duties and quasi-judicial functions. The defendant judges and judicial employees are absolutely immune from suit for such conduct and the claims against them must be dismissed for this additional reason.

### III. Conclusion

For the reasons stated, the Court concludes that the Court lacks jurisdiction to address Plaintiff's challenges to the state court proceedings and judgments, that any challenge to his state criminal proceedings is barred by *Heck, supra*, and that the defendants are entitled to absolute judicial and quasi-judicial immunity. Accordingly, the Court **DISMISSES** the civil rights complaint. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/John Corbett O'Meara
United States District Judge


Date: April 24, 2014


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 24, 2014, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

7