UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY DAR EAGLE, #525192,

       Plaintiff,

v.                                 CASE NO. 14-CV-11341
                                  HONORABLE JOHN CORBETT O'MEARA

WILLIAM MURPHY, et al.,

       Defendants.
                                   /

## **ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND REOPEN CASE**

This matter is before the Court on Plaintiff's motion to amend his complaint and reopen this civil rights action. The Court previously dismissed the complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and based upon immunity. Plaintiff seeks to amend his complaint to dismiss his requests for injunctive relief and monetary damages against the defendants, who are judges and judicial employees, but he continues to ask the Court to interfere in his state appellate court proceedings.

Plaintiff's motion must be denied. First, he cannot amend his complaint because it is no longer pending before the Court. While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *see also Moncier v. Jones*, _ F. App'x _, 2014 WL 463463, *3 (6th Cir. Feb. 6, 2014) (after dismissal of complaint, motion to amend the complaint under Federal Rule of Civil Procedure 15 is inappropriate; rather, the plaintiff must meet the requirements for reopening a case under Federal

Rule of Civil Procedure 59 or 60). No such action has occurred in this case.

Second, to the extent that Plaintiff seeks reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e), he is not entitled to relief. A motion for reconsideration which presents issues already ruled upon by a district court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff raises such issues in his motion. The Court properly dismissed the complaint for the reasons stated in the dismissal order. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Third, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60(b). Under that rule, a court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Plaintiff makes no such showing. Accordingly, the Court **DENIES** Plaintiff's motion. This case remains closed.

                                                                         s/John Corbett O'Meara
                                                                         United States District Judge

Date: May 16, 2014

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 16, 2014, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager